IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHANDA DANIELS,<br><br>Defendant. | 4:21-CR-3108<br><br>REVISED<br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected (filing 107) to the presentence report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected (filing 107) to the presentence report's assessment of three criminal history points for a 2019 Nebraska conviction for drug trafficking, which she says prevents her from being safety-valve eligible under the First Step Act.

The defendant's theory is simple: she claims that the 2019 conviction was related conduct, not criminal history. The offense of conviction here was a conspiracy to distribute methamphetamine beginning in February 2019 and continuing until July 2021. Filing 1. The 2019 state conviction was for distributing methamphetamine in June 2019. *See* filing 112-1. The defendant says that distribution was part of the conspiracy.

When calculating a defendant's criminal history score, the Court considers a defendant's prior criminal justice sentences for conduct *other*

*than* relevant conduct under U.S.S.G. § 1B1.3. *United States v. Smith,* 944 F.3d 1013, 1015 (8th Cir. 2019). Relevant conduct includes, as pertinent, all acts that occurred during the commission of the offense of conviction. *Id.* (citing § 1B1.3(a)(1)). A prior conviction is not relevant to the instant offense if the conduct underlying the former conviction results in a severable, distinct offense. *Id.* at 1016. Factors considered in making that determination include temporal and geographical proximity, common victims, common scheme, charge in the indictment, and whether the prior conviction is used to prove the instant offense. *Id.* The Court also considers whether the same sovereign prosecuted the prior conviction and whether the record demonstrate a continuity between the two offenses. *Id.*

The former conviction here shares temporal and geographic proximity with the charged offense. The prosecutor's version of the offense, as related in the presentence report, describes several sales of methamphetamine to confidential informants in Trenton, Nebraska in May 2019. The prior conviction was for distributing methamphetamine to a prisoner in the Hitchcock County Jail—in Trenton, Nebraska—in June 2019. There is also an obvious similarity in the scheme and the charge in the indictment, and while the prior conviction hasn't been used to prove the present offense, it certainly wouldn't have seemed out of place had the government mentioned it. And while the offenses resulted from different investigations and have been prosecuted by different sovereigns, it's worth noting that the federal prosecution apparently arose from an investigation conducted by the Nebraska State Patrol.

The government argues that the offenses are severable because the defendant and her co-defendant made proffer statements mentioning who they got drugs from and to whom they sold, but didn't mention the prisoner receiving the methamphetamine in the state case. *See* filing 111 at 1. The Court, having reviewed the proffer statement (filing 112-2), isn't persuaded it was meant to comprehensively list every customer of the conspiracy. In fact, in the statement, the defendant said that she "would often provide drugs to other people on a front," but as far as the Court can tell those other people aren't identified. Filing 112-2 at 3. And the defendant also said that she couldn't remember the details of a controlled buy because "she was using a lot of drugs back during this time frame and really was just a 'middleman' between the people she obtained her drugs from and to whom she sold." Filing 112-2 at 3.

That said, the Court notes that many of the assertions on which the defendant's objection is premised aren't in the presentence report or, at this point, part of the Court's record. *See* filing 107. The Court also notes that the presentence report and the record are silent as to safety-valve eligibility, and that it's the defendant's burden to show affirmatively that she has satisfied each requirement for the safety value, including whether truthful information and evidence have been given to the government. *United States v. Alvarado-Rivera,* 412 F.3d 942, 947 (8th Cir. 2005). Accordingly, the Court will resolve these issues on the evidence at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 10th day of May, 2023.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge